**United States District Court**
For the Northern District of California

1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7
8    DANIEL BENEFIELD, et al.,

9              Plaintiffs,                    No. C 14-1459 PJH

10         v.                                 **ORDER GRANTING MOTION**
                                              **TO DISMISS**
11   BRYCO FUNDING, INC., et al.,

12             Defendants.
     _____/
13

14        The motion of defendants JPMorgan Chase Bank, N.A. f/k/a Washington Mutual

15   Bank; JP Morgan Bank, N.A., successor-in-interest to Washington Mutual Bank; and Chase

16   Home Finance, LLC, a subsidiary of JPMorgan Chase LLC (collectively, "Chase");

17   Mortgage Electronic Registration System ("MERS"); and Deutsche Bank National Trust

18   Company, as Trustee for Long Beach Mortgage Loan Trust ("Deutsche Bank") for an order

19   dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to

20   state a claim came on for hearing before this court on June 4, 2014.  Plaintiffs Daniel

21   Benefield and Deborah A. Benefield appeared in propria persona; Chase and MERS

22   appeared by their counsel Catherine S. Meulemans; and Deutsche Bank appeared by its

23   counsel Stephanie A. Chambers-Wraight.  Having read the parties' papers and carefully

24   considered their arguments and the relevant legal authority, the court hereby GRANTS the

25   motion.

26        In June 2006, plaintiffs obtained a loan from defendant Bryco Funding, Inc. ("Bryco")

27   in the amount of $423,000.  The loan was secured by a promissory note and deed of trust

28   on property located in Oakland, California.  At some point, plaintiffs defaulted on the loan.

United States District Court
For the Northern District of California

1  A notice of default and election to sell under deed of trust was recorded in the Alameda

2  County Recorder's Office on June 26, 2009.  On April 10, 2010, a notice of rescission of the

3  declaration of default and demand for sale, and of the notice of breach and election to

4  cause sale was recorded with the Alameda County Recorder's Office.

5       On April 22, 2014, plaintiffs filed the present action in Alameda County Superior

6  Court, asserting 13 causes of action – (1) fraudulent inducement to breach of contract;

7  (2) violation of TILA; (3) fraud and conspiracy to commit fraud; (4) violation of California

8  Civil Code § 2923.5/request for declaratory relief; (5) predatory lending/violations of Truth in

9  Lending; (6) unlawful business practices in violation of California Business & Professions

10 Code § 17200, premised on violations of California Civil Code § 2923.5; (7) fraudulent

11 business practices in violation of § 17200, premised on violations of Civil Code § 2923.5;

12 (8) fraudulent business practices in violation of § 17200, premised on violations of Civil

13 Code § 2923.5; (9) violation of Fair Credit Reporting Act; (10) defamation; (11) false light;

14 (12) breach of contract; and (13) declaratory relief/injunctive relief.

15       On March 24, 2014, JPMorgan Chase Bank, N.A. (allegedly the only defendant

16 served as of that point) filed a notice of removal, alleging federal question jurisdiction.  On

17 April 4, 2014, Chase, MERS, and Deutsche Bank filed the present motion to dismiss.

18 Bryco has not entered an appearance, and the docket does not reflect that it has been

19 served.  Defendants argue that each of plaintiffs' 13 causes of action fails to state a claim.

20       A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the

21 plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support

22 a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

23 1990).  The court is to "accept all factual allegations in the complaint as true and construe

24 the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group,

25 Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  However, legally

26 conclusory statements, not supported by actual factual allegations, need not be accepted.

27 Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also In re Gilead Scis. Sec. Litig., 536

28 F.3d 1049, 1055 (9th Cir. 2008).  The allegations in the complaint "must be enough to raise

United States District Court
For the Northern District of California

1    a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

2    555 (2007) (citations and quotations omitted).

3        A motion to dismiss should be granted if the complaint does not proffer enough facts

4    to state a claim for relief that is plausible on its face. See id. at 558-59.  A claim has facial

5    plausibility when the plaintiff pleads factual content that allows the court to draw the

6    reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556

7    U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to

8    infer more than the mere possibility of misconduct, the complaint has alleged – but it has

9    not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 679.  In the event dismissal is

10   warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved

11   by any amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

12       Although the court generally may not consider material outside the pleadings when

13   resolving a motion to dismiss for failure to state a claim, the court may consider matters

14   that are properly the subject of judicial notice.  Lee v. City of Los Angeles, 250 F.3d 668,

15   688-89 (9th Cir. 2001); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th

16   Cir. 1986).  Additionally, the court may consider exhibits attached to the complaint, see Hal

17   Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir.

18   1989), as well as documents referenced extensively in the complaint and documents that

19   form the basis of a the plaintiff's claims.  See No. 84 Employer–Teamster Joint Counsel

20   Pension Trust Fund v. America West Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

21       As a general matter, Chase, MERS, and Deutsche Bank argue that none of them

22   was the originating lender, and that most of plaintiffs' claims appear to relate to the

23   origination of the loan.  They also contend that it is not possible to tell from the complaint

24   what facts are pled against each defendant, with the result that defendants are unable to

25   fashion a response to the claims asserted against them.  In addition, they assert that none

26   of the 13 causes of action states a claim.

27       The court finds that defendants' motion must be GRANTED.  The complaint is

28   largely incomprehensible, and the court is unable to ascertain exactly what plaintiffs' claims

1   are.  Plaintiffs appear to be attempting to allege wrongful foreclosure, but it is clear from

2   both the documents attached to defendants' request for judicial notice, and from plaintiffs'

3   statements at the hearing on the motion, that no foreclosure has taken place.

4          In addition, plaintiffs' opposition to the motion is not responsive to most of

5   defendants' arguments, and the arguments in the opposition do not match the allegations in

6   the complaint.  Nor does the proposed order match either the claims asserted in the

7   complaint or the arguments made in the opposition to defendants' motion.

8          The dismissal is WITH LEAVE TO AMEND as set forth below.  In addition, with

9   regard to each cause of action as to which leave to amend is granted, plaintiffs must

10  specify as to each defendant what that defendant is alleged to have done.

11         1.     In the first cause of action, plaintiffs allege that they "were fraudulently

12  induced to breach the contract with defendants," and that they "relied to their detriment on

13  the statements made by defendants."  Cplt ¶ 10.  The motion to dismiss the first cause of

14  action is GRANTED.  Claims sounding in fraud are subject to the heightened pleading

15  requirements of Rule 9(b).  A plaintiff alleging fraud "must state with particularity the

16  circumstances constituting fraud . . . ."  Fed. R. Civ. P. 9(b).

17         The dismissal is WITH LEAVE TO AMEND to allege facts as to each defendant,

18  showing that the defendant fraudulently induced plaintiffs to breach a contract.  The

19  elements of a claim of fraudulent inducement to enter into a contract or breach a contract

20  are (a) a misrepresentation, false representation, concealment or nondisclosure; (b)

21  knowledge of falsity; (c) intent to defraud or to induce plaintiff to enter into a contract or

22  breach a contract; (d) justifiable reliance; and (e) resulting damage.  See Lazar v. Superior

23  Court,  12 Cal. 4th 631, 638 (1996).  Plaintiffs must identify the contract and the parties to

24  the contract.  They must also allege "an account of the time, place, and specific content of

25  the false representations as well as the identities of the parties to the misrepresentations."

26  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).  Mere conclusory allegations of

27  fraud will not suffice.  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir.

28  1989); Das v. WMC Mortgage Corp., 831 F.Supp.2d 1147, 1166 (N.D. Cal. 2011).

United States District Court

For the Northern District of California

1    2.    In the second and fifth causes of action, plaintiffs allege that defendants

2  violated TILA by failing to provide the required disclosures when plaintiffs obtained their

3  loan. Cplt ¶¶ 17, 44.  The motion to dismiss the second and fifth causes of action is

4  GRANTED.  Chase, MERS, and Deutsche Bank did not originate the loan, and thus

5  plaintiffs cannot maintain a claim against them for failure to provide disclosures at the time

6  of loan origination.

7    Moreover, any such TILA claim is time-barred.  See 15 U.S.C. § 1640(e) (claim for

8  damages based on failure to disclose as required by TILA must be brought "within one year

9  from the date of the occurrence of the violation").  Further, to the extent that plaintiffs are

10  trying to assert a claim of "predatory lending" under Cal. Finance Code § 4970, such a

11  claim is barred because claims under that provision are limited to loans in an amount less

12  than $250,000.

13    The dismissal of the second and fifth causes of action against Chase, MERS, and

14  Deutsche Bank is WITH PREJUDICE.  As for Bryco Funding, plaintiffs stated at the hearing

15  that Bryco had been served.  The court ordered plaintiffs to file a proof of service no later

16  than June 11, 2014, showing service of the summons and complaint on Bryco.  If plaintiffs

17  fail to comply with that order, Bryco will be dismissed from the case.

18    3.    In the third cause of action for fraud and conspiracy to commit fraud, plaintiffs

19  allege that "[b]y and through their actions defendants have committed fraud upon [p]laintiffs

20  and the general public" in that "defendants had no intent of actually providing [p]laintiffs

21  with a meaningful loan modification;" that at the same time that defendants were

22  "reassuring [plaintiffs] that they were in fact getting a loan modification, defendants were

23  also actively foreclosing on [p]laintiffs' property;" and that they "conspired with each other to

24  harm [p]laintiffs in the manner alleged above."  Cplt ¶¶ 23-25.

25    The motion to dismiss the third cause of action is GRANTED.  Plaintiffs have not

26  responded to defendants' arguments, and have not alleged facts sufficient to state a claim

27  for fraud.  They do not even mention conspiracy in their opposition.  The dismissal is WITH

28  LEAVE TO AMEND, to allege particularized facts as to each defendant, showing that the

1   elements of fraud are met (misrepresentation, knowledge of falsity, intent to defraud,

2   justifiable reliance by the plaintiffs, and resulting damage), as stated above with regard to

3   the first cause of action.

4          4.      In the fourth cause of action for violation of California Civil Code § 2923.5 and

5   request for declaratory relief, plaintiffs allege that defendants violated Civil Code

6   § 2923.5 by failing to contact them to assess their financial situation and explore options to

7   avoid foreclosure; by failing to tell them they could request a meeting; and by failing to

8   provide them with a toll-free phone number to find a counseling agency.  Cplt ¶¶ 33-34.

9          The motion to dismiss the fourth cause of action is GRANTED.  There are no facts

10   alleged showing that there is an operative notice of default.  The only notice of default cited

11   by defendants was recorded in June 2009, and was rescinded in April 2010, and the

12   complaint does not provide a date or any specifics as to any other notice of default.

13          In addition, if (as it appears), the only notice of default was the one recorded in June

14   2009, any claim under § 2923.5 would be time-barred, as the complaint was filed more than

15   three years after the notice of default was recorded.  <u>See</u> <u>Ambers v. Wells Fargo Bank,</u>

16   <u>N.A.</u>, 2014 WL 883752 at *10 (N.D. Cal. March 3, 2014) (claim under

17   § 2923.5 is governed by three year statute of limitations in California Code of Civil

18   Procedure § 338).  The court will grant LEAVE TO AMEND, but <u>only</u> if plaintiffs are able to

19   allege facts showing that there is <u>currently</u> an operative notice of default, which was

20   recorded less than three years prior to April 22, 2014.  Otherwise, the claim is dismissed

21   WITH PREJUDICE.

22          5.      The sixth, seventh, and eighth causes of action for unlawful business

23   practices in violation of California Business & Professions Code § 17200 are premised on

24   alleged violations of California Civil Code § 2923.5 (alleged in the fourth cause of action).

25   In the sixth cause of action, plaintiff alleges that "[b]y failing to comply with the legal

26   prerequisites for foreclosure proceedings, defendants, and each of them, are engaging in

27   unfair business practices such as to justify the relief sought under the UCL."  Cplt ¶ 53.

28          The seventh and eighth causes of action assert that defendants violated § 17200

United States District Court
For the Northern District of California

1
2
3
4
5

(1) by promising homeowners loan modifications that defendants have no intention of actually providing; (2) by routinely issuing NODs without first complying with the legal requirements of California Civil Code section 2923.5; (3) by repeatedly demanding documentation from borrowers with full knowledge or in reckless disregard of the fact that said documentation had already been provided; (4) by continuing to demand and accept mortgage payments that have in fact foreclosed; (5) by intentionally misleading [p]laintiffs into believing that a foreclosure had not occurred or that one had been entered in "error."

6   Cplt ¶ 56; see also Cplt ¶ 59.  None of these conclusory allegations are supported with any

7   facts.

8          The court finds that the motion must be GRANTED.  Plaintiffs allege no facts in

9   support of their claim, and they provide no opposition to defendants' arguments.  Moreover,

10  the conduct alleged in the complaint that supposedly violated § 17200 is entirely different

11  from the list of actions provided in plaintiffs' opposition.

12         The dismissal is WITH LEAVE TO AMEND.  Plaintiffs must allege facts as to each

13  defendant, showing that the defendant engaged in a specific business practice that was

14  "unlawful" (violated a law), that was "unfair" (significantly threatened or harmed

15  competition) or that was "fraudulent" (had a tendency to deceive the public).  In addition,

16  plaintiffs must allege facts showing that they lost "money" or "property" as a result of the

17  actions of a particular defendant, in order to establish that they have standing to assert a

18  claim under § 17200 against that defendant.  Given that the complaint alleges that the

19  § 17200 claims are predicated on the purported violation of § 2923.5, and given that

20  plaintiffs cannot state a claim for § 2923.5, it is unclear whether plaintiffs will be able to

21  state a claim.

22         As for the reference to § 2923.6, there is no claim in the complaint based on any

23  alleged violation of that statute.  Moreover, prior to the enactment of California's

24  Homeowners' Bill of Rights (HBOR), which took effect on January 1, 2013, § 2923.6 merely

25  expressed the hope of the Legislature that lenders would offer loan modifications on certain

26  terms.  See Mabry v. Superior Ct., 185 Cal. App. 4th 208, 222 (2010).  There was no

27  private right of action under the pre-HBOR version of § 2923.6.  See, e.g., Pitre v. Wells

28  Fargo Bank, N.A. Mortg. Servicer, 2013 WL 2156315 at *3 (N.D. Cal. May 17, 2013).  The

United States District Court

For the Northern District of California

1  HBOR added several provisions imposing requirements on lenders with regard to loan

2  modifications.  It is unclear whether plaintiffs are attempting to state a claim under the

3  revised version of § 2923.6, although § 2924.12 does now provide actions for both

4  injunctive and monetary relief for violations of, among other provisions, § 2923.6.

5  Nevertheless, given that plaintiffs allegedly defaulted on the loan in 2008, they are unlikely

6  to find any relief in the 2013 HBOR.

7          6.      In the ninth cause of action for violation of the Fair Credit Reporting Act

8  ("FCRA"), plaintiffs allege that defendants "willfully and with intent to injure" the plaintiffs

9  have reported to the credit reporting agencies (Equifax, Experian, and TransUnion) that

10  plaintiffs were delinquent on their loan obligations, and also that they "willfully and/or

11  negligently failed to remove and delete negative credit reporting information on plaintiffs'

12  credit report "despite such knowledge."  Cplt ¶ 62. Plaintiffs assert that "[a]s a result,"

13  defendants violated the FCRA.  Cplt ¶ 63.

14          The motion to dismiss the ninth cause of action is GRANTED.  Plaintiffs cannot state

15  a claim under the FCRA because there are no allegations that a consumer reporting

16  agency has disputed any credit reporting on plaintiffs' credit report by defendants.

17  A furnisher of credit information has no obligation to investigate a credit dispute until after it

18  receives notice from a consumer reporting agency that the consumer disputes the remarks.

19  15 U.S.C. § 1681s-2(b).  Under that language, notification from a consumer is not enough.

20  The notice must be from a credit reporting agency.  Id.

21          To prevail on a claim against a furnisher under § 1681 s-2(b), a consumer must

22  prove that 1) the furnisher provided inaccurate information to the credit reporting agency

23  ("CRA"); 2) the CRA notified the furnisher of a dispute; and 3) the furnisher failed to

24  conduct a reasonable investigation into the accuracy of the disputed information, in light of

25  the information provided to it by the CRA.  Gorman v. Wolpoff & Abramsom, LLP, 584 F.3d

26  1147, 1154 (9th Cir. 2009).  "[N]otice of a dispute received directly from the consumer does

27  not trigger furnishers' duties under subsection (b)."  Id.  Thus, no claim can be stated in  the

28  absence of an allegation that defendants received notice from a credit reporting agency

United States District Court

For the Northern District of California

1  that plaintiff had disputed the credit reporting.  See Alkan v. CitiMortgage, Inc., 336 F.Supp.

2  2d 1061, 1063 (N.D. Cal. 2004).  The dismissal of the ninth cause of action is WITH

3  PREJUDICE.  A consumer's direct notification to the furnisher of an inaccuracy in the credit

4  report does not trigger the furnisher's liability in a private action under the FCRA.  Id.

5       7.    The tenth cause of action for defamation and the eleventh cause of action for

6  false light (invasion of privacy) are based on the allegation that defendants made "false

7  statements" to the credit reporting agencies, which in turn caused "injury" to plaintiffs'

8  reputation.  Cplt ¶¶ 65-69, 75-79.  The court finds that the motion to dismiss the tenth and

9  eleventh causes of action must be GRANTED.

10      Under California law, a claim for defamation requires the intentional publication of a

11  fact that is false, unprivileged, and has a tendency to injure.  Cal. Civil Code §§ 44-46; see

12  also 5 Witkin, Summary of California Law (9th ed. 1988), Torts § 471.  An essential element

13  of a defamation claim is that the publication in question must contain a false statement of

14  fact.  Gill v. Hughes, 227 Cal. App. 3d 1299, 1309 (1991).  Truth is a complete defense to a

15  defamation claim.  See Francis v. Dun & Bradstreet, Inc., 3 Cal. App. 4th 535, 541 (1992).

16  Thus, a defamation (or false light) claim based on truthful information in a credit report will

17  not survive, even if the information reported supports misleading inferences.  Id.

18      The tort of invasion of privacy "provides a remedy for situations in which there is

19  neither injury to a property right nor breach of contract, and where a civil action for

20  defamation would fail because of the defense of truth."  5 Witkin, Summary of California

21  Law, Torts § 577.  False light invasion of privacy "is the wrong inflicted by publicity which

22  puts the plaintiff . . . in a false but not necessarily defamatory position in the public eye."  Id.

23  § 584.  Under California law, to state a claim for the tort of false light invasion of privacy a

24  plaintiff must plead that "(1) the defendant caused to be generated publicity of the plaintiff

25  that was false or misleading, and (2) the publicity was offensive to a reasonable person."

26  Pacini v. Nationstar Mortg., LLC, 2013 WL 2924441, at *9 (N.D. Cal. June 13, 2013) (citing

27  Fellows v. Nat'l Enquirer, Inc., 42 Cal. 3d 234, 238-39 (1986)).  "Even if they place the

28  person in a less than flattering light, the published facts are not actionable if they are true or

**United States District Court**
For the Northern District of California

1    accurate." Id. (citing Fellows, 42 Cal.3d at 238)

2         In California, a "false light" cause of action is in substance equivalent to a libel claim.

3    Cort v. St. Paul Fire & Marine Ins. Cos., Inc., 311 F.3d 979, 987 (9th Cir. 2001) (citing

4    Aisenson v. American Broad. Co., 220 Cal. App. 3d 146, 161 (1990)).  In addition, however,

5    a false light claim still requires the invasion of some type of privacy interest.  Id.  When an

6    invasion of privacy claim rests on the same allegations as a claim for defamation, the

7    invasion of privacy claim cannot be maintained as a separate claim if the defamation claim

8    fails as a matter of law.  Id. (citing Alszeh v. Home Box Office, 67 Cal. App. 4th 1456, 1461

9    (1998)).

10        Here, plaintiffs have failed to indicate which defendant acted to defame them or

11   portray them in a false light.  Moreover, plaintiffs have not identified any false statement

12   made about them by any defendant – in particular, there are no allegations in the complaint

13   that any statements alleged to have been made to any credit reporting agency were false,

14   or that plaintiffs were not in fact delinquent on their loan obligations.

15        It is undisputed that plaintiffs defaulted on their loan – they concede in the complaint

16   that they "made timely monthly mortgage payments until it became economically

17   impossible to meet the monthly obligation."  Cplt ¶ 7.  In addition, at the hearing, plaintiffs

18   admitted that they had not made a mortgage payment in at least 14 months.  Thus, any

19   statement in plaintiffs' credit report that they were late on their loan payments or that they

20   defaulted cannot, by definition, be false.

21        The court will grant LEAVE TO AMEND as to these two causes of action, but only to

22   the extent that plaintiffs can allege another basis for the defamation or false light claims

23   apart from the allegation that defendants reported that they were late in their loan

24   payments.  In addition, however, to the extent that the claims are based on statements in

25   recorded non-judicial foreclosure documents, such statements are privileged under Civil

26   Code § 47(c)(1) and cannot provide the basis for a defamation or false light claim.  See

27   Kachlon v. Markowitz, 168 Cal. App. 4th 316, 335 (2008).

28        8.    In the twelfth cause of action for breach of contract plaintiffs allege that in

United States District Court

For the Northern District of California

1   February 2008, "[p]laintiffs' [sic] attempted to mitigate tangible and economic injury through

2   a loan modification contract with Defendant.  However, Defendant refused to agree to

3   reasonable debt reduction terms and conditions sufficient to validate a viable loan

4   adjustment plan."  Cplt ¶ 83.  Plaintiffs assert that "[b]y performing the acts described

5   herein, Defendants continually breached their contractual obligations under the loan

6   modification agreement(s)."  Cplt ¶ 90.

7         The court finds that the motion to dismiss the twelfth cause of a action must be

8   GRANTED.  The dismissal is WITH LEAVE TO AMEND.  Plaintiff must identify the contract

9   and must either attach it to the complaint or quote from it verbatim.  Plaintiffs must identify

10   the parties to the contract, and must allege facts showing that they performed under the

11   contract and that defendants did not.  Finally, plaintiffs must allege facts showing that they

12   suffered damages as a result of a breach by the defendants.

13         9.    In the thirteenth cause of action for declaratory relief/injunctive relief, plaintiffs

14   allege that "[t]here currently exists a dispute between the parties as to who the actual

15   owner of the property is."  Cplt ¶ 93.  Plaintiffs assert that they claim they are the true

16   owners and seek a judicial declaration to that effect.  Cplt ¶ 93.  They also seek declaratory

17   relief that the notice of default issued in April 2011[1] is invalid and void as a result of failure

18   to comply with Civil Code § 2923.5 "and various other California statutes related to the

19   service of notices of [d]efault."  Cplt ¶ 94.

20         The court finds that the motion to dismiss the thirteenth cause of action must be

21   GRANTED.  The declaratory judgment cause of action must be dismissed because

22   plaintiffs have not identified an "actual controversy" warranting a judicial declaration.  The

23   injunctive relief claim must be dismissed because injunctive relief is a remedy, not an

24   independent cause of action.  See Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F.Supp.

25   2d 952, 975 (N.D. Cal. 2010).  The dismissal is WITH PREJUDICE.

26

27         [1] It isn't clear what notice of default plaintiffs are talking about in referring to April 2011.
The only notice of default cited by defendants was recorded in June 2009, and was rescinded

28   in April 2010.  The complaint does not provide a date or any specifics as to any notice of
default.

10.     No later than July 11, 2014, plaintiffs shall either file a second amended complaint, or a notice of substitution of counsel showing that they are represented by counsel and are no longer proceeding in pro per.

11.     If plaintiffs are unable to locate counsel to represent them, they may wish to contact the Legal Help Center, which provides limited-scope assistance from an attorney. Information on contacting the Help Center is attached to this order.

**IT IS SO ORDERED.**

Dated:  June 10, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California

12