UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL BENEFIELD, et al.,

    Plaintiffs,

    v.

BRYCO FUNDING, INC., et al.,

    Defendants.
_____/

No. C 14-1459 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

Before the court are the motions of defendants JPMorgan Chase Bank, N.A.; Chase Home Finance, LLC; and Mortgage Electronic Registration Systems, Inc. (collectively, "JPMorgan/MERS"), and defendant Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2006-7 ("Deutsche Bank"), for an order dismissing the second amended complaint for failure to state a claim. Under Civil Local Rule 7-3, plaintiffs' opposition to the Chase/MERS motion was due on August 4, 2014, and their opposition to the Deutsche Bank motion was due on August 11, 2014. Plaintiffs did not file an opposition to either motion. Having read defendants' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motions.

## BACKGROUND

Plaintiffs filed this action in Alameda County Superior Court on April 22, 2013. On March 24, 2014, JPMorgan Chase Bank, N.A. (the sole defendant who had been served as of that date) removed the case to this court, alleging federal question jurisdiction.

Chase/MERS and Deutsche Bank then filed a motion to dismiss the complaint for failure to state a claim.  On June 10, 2014, the court issued an order granting the motion, dismissing four causes of action with prejudice (claims under the Truth in Lending Act ("TILA") and the Fair Credit Reporting Act ("FCRA"), and claims for declaratory and injunctive relief), and dismissing the remaining nine causes of action with leave to amend, and issuing detailed instructions as to what must be alleged in any amended complaint.

In the order granting the motion, the court stated that the complaint was "largely incomprehensible."  The court was "unable to ascertain exactly what plaintiffs' claims [were]" and found that while it appeared that plaintiffs were attempting to allege wrongful foreclosure, it was clear from the documents attached to defendants' request for judicial notice that no foreclosure had taken place.  Order at 3-4.

Plaintiffs filed a second amended complaint ("SAC") on July 11, 2014, asserting two causes of action – fraudulent inducement to breach contract (formerly the first cause of action), and fraud and conspiracy to commit fraud (formerly the third cause of action).

In the June 10, 2014 order, the court dismissed the claim of fraudulent inducement to breach contract with leave to amend to "allege facts as to each defendant, showing that the defendant fraudulently induced plaintiffs to breach a contract."  Order at 4.  The court explained that

> [t]he elements of a claim of fraudulent inducement to enter into a contract or breach a contract are (a) a misrepresentation, false representation, concealment or nondisclosure; (b) knowledge of falsity; (c) intent to defraud or to induce plaintiff to enter into a contract or breach a contract; (d) justifiable reliance; and (e) resulting damage.  See Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).  Plaintiffs must identify the contract and the parties to the contract.  They must also allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).  Mere conclusory allegations of fraud will not suffice.  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989); Das v. WMC Mortgage Corp., 831 F.Supp.2d 1147, 1166 (N.D. Cal. 2011).

Order at 4.

In the SAC, the first cause of action for fraudulent inducement to breach contract alleges that "defendants . . . engaged in egregiously unfair and deceptive lending practices

2

to steer [p]laintiff [sic] into a loan that was engineered to fail from inception." SAC ¶ 28. They allege that they "have been trying to secure a modified/amended loan agreement" that would reduce their monthly payment, but that the "nature of our current contract" was designed to "mechanically create economic hardship" and to "systematically force default." Id. The remainder of this cause of action is premised on alleged violations of California Business and Professions Code § 17200. See SAC ¶¶ 28-37.

In the June 10, 2014 order, the court dismissed the cause of action for fraud and conspiracy to commit fraud with leave to amend to "allege particularized facts as to each defendant, showing that the elements of fraud are met (misrepresentation, knowledge of falsity, intent to defraud, justifiable reliance by the plaintiffs and resulting damages)" as stated with regard to the cause of action for fraudulent inducement of breach of contract.

In the SAC, the second cause of action for fraud and conspiracy to commit fraud alleges that "[d]efendants impliedly covenanted to deal with [p]laintiff [sic] in good faith and fairly;" that plaintiffs "detrimentally relied on "[d]efendant's mortgage loan broker's professional opinion that home prices would continue to rise and the equity value would not drop below the loan value;" and that "[t]his same position was taken by the lender, owner, and underwriter's analysis, all of whom gave approval for disbursement of the loan funds into the real property investment," all of which constituted a breach of the implied covenant of good faith and fair dealing. SAC ¶¶ 38-42.

This cause of action also references – without any supporting facts – violations of California Civil Code § 1572 (definition of actual fraud), § 1709 (fraudulent deceit), § 1710 (deceit); violations of 15 U.S.C. § 78ff (penalties for violations of federal Securities Exchange Act of 1934); violations of 15 U.S.C. § 1692e (Fair Debt Collection Practices Act ("FDCPA")); violations of 18 U.S.C. § 1001 (federal criminal code provision relating to criminal liability for making false statements with respect to matters within jurisdiction of executive, legislative, or judicial branch of United States Government). SAC ¶¶ 43-50. Finally, this cause of action also alleges that the assignment of the deed of trust was "invalid" because MERS and JPMorgan Chase Bank lacked the authority to assign the

3

deed of trust. SAC ¶¶ 51-66.

On August 13, 2014, the court dismissed defendant Bryco Funding, Inc. pursuant to Federal Rule of Civil Procedure 4(m). JPMorgan/MERS and Deutsche Bank now move for an order dismissing the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## DISCUSSION

A.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted).

4

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679. In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Although the court generally may not consider material outside the pleadings when resolving a motion to dismiss for failure to state a claim, the court may consider matters that are properly the subject of judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). Additionally, the court may consider exhibits attached to the complaint, see Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), as well as documents referenced extensively in the complaint and documents that form the basis of a the plaintiff's claims. See No. 84 Employer–Teamster Joint Counsel Pension Trust Fund v. America West Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

Finally, in actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), falsity must be pled with specificity, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citations omitted). "[A]llegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and quotations omitted). In addition, the plaintiff must do more than simply allege the neutral facts necessary to identify the transaction; he must

also explain why the disputed statement was untrue or misleading at the time it was made. Yourish v. California Amplifier, 191 F.3d 983, 992–93 (9th Cir. 1999).

B.     Defendants' Motions

JPMorgan/MERS argue that the first cause of action for fraudulent inducement to breach the contract should be dismissed because plaintiffs have not pled fraud with particularity, as required by Rule 9(b); because plaintiffs have not sufficiently pled breach of any contract; and because plaintiffs have not sufficiently pled unlawful, unfair, or fraudulent business practices under § 17200, and have not alleged facts showing they suffered a loss of money or property such that they have standing under § 17200.

JPMorgan/MERS argue that the second cause of action for fraud and conspiracy to commit fraud should be dismissed because plaintiffs have failed to plead fraud with particularity; because they have no entitlement to a loan modification; because they have not properly alleged a "conspiracy;" because they have not alleged facts sufficient to show a TILA violation; because their "holder of the note" theory fails as a matter of law; and because the contention that MERS lacks standing to participate in a nonjudicial foreclosure is not supported by the documents or by the law.

Deutsche Bank argues that plaintiffs are estopped from asserting these claims because they omitted them from their bankruptcy schedule, filed October 2, 2009. Deutsche Bank also asserts that plaintiffs failed to plead their claims in accordance with Rule 8(a), and failed to plead fraud with particularity.  Deutsche Bank asserts further that the first cause of action for fraudulent inducement to breach contract should be dismissed because, while it is premised on alleged violations of § 17200, it fails to plead facts sufficient to show any unlawful, unfair, or fraudulent business act or practice, and because plaintiffs have not alleged facts showing they have standing under § 17200.  Finally, Deutsche Bank contends that the second cause of action for fraud and conspiracy to commit fraud should be dismissed because it fails to state a claim for breach of the implied covenant of good faith and fair dealing, fails to state a claim under any of the enumerated statutory violations, and fails to state a claim based on any "invalid" assignment of the deed

of trust.

1. First, as to the two causes of action that plaintiff has realleged in the SAC, the court finds that neither are pled in accordance with Rule 8(a), Rule 9(b), or the instructions in the court's June 10, 2014 order, including the instruction that plaintiffs must specify as to <u>each defendant</u> what that defendant is alleged to have done. Most notably, the fraud claims are not pled with particularity, and plaintiffs have not alleged facts supporting the elements of fraud, or the time, place, and specific content of the alleged false representations. Nor, for the first cause of action, have they identified the contract that was allegedly breached, or pled any facts supporting the elements of a claim of breach of contract, whether or not induced by fraud; or, for the second cause of action, alleged any facts supporting a theory of conspiracy to defraud.

2. Second, plaintiffs have not sufficiently pled any unlawful, unfair, or fraudulent business practices sufficient to state a claim under § 17200. In the prior version of the complaint, plaintiffs asserted three causes of action for unlawful business practices in violation of § 17200 – one based on an alleged violation of California Civil Code § 2923.5; one based on allegations that "defendants" had failed to comply with the legal prerequisites for foreclosure proceedings; and one based on allegations that "defendants" had promised loan modifications they had no intention of providing and had repeatedly demanded documentation and misled plaintiffs into believing that a foreclosure had occurred.

In the June 10, 2014 order, the court granted leave to amend, directing that

> [p]laintiffs must allege facts as to each defendant, showing that the defendant engaged in a specific business practice that was "unlawful" (violated a law), that was "unfair" (significantly threatened or harmed competition) or that was "fraudulent" (had a tendency to deceive the public). In addition, plaintiffs must allege facts showing that they lost "money" or "property" as a result of the actions of a particular defendant, in order to establish that they have standing to assert a claim under § 17200 against that defendant.

In the SAC, plaintiffs do not allege any facts showing that any defendant engaged in any business act or practice that violated any law, or that significantly threatened or harmed competition. They assert in general terms that "defendants" acted in "bad faith," but do not support this allegation with any specific facts – in particular any facts related to any

7

unlawful or unfair business act or practice.

Plaintiffs claim that "defendants" intentionally "entrap[ped] [p]laintiff [sic] in a contract engineered to create economic hardship that would eventually force [p]laintiff [sic] into contract default status," SAC ¶ 33, but this allegation, to the extent it is comprehensible, appears to relate to the origination of plaintiffs' loan, a process that none of the existing defendants are alleged to have participated in. Nor do plaintiffs allege any facts showing that any defendant engaged in any fraudulent act or practice, or that they have lost money or property as a result of any act by any defendant.

3. Third, to the extent that plaintiffs are basing any portion of their claims on an alleged failure or refusal to grant them a loan modification, the court finds that the SAC fails to state a claim. A borrower in California has no statutory right to a loan modification. Mabry v. Superior Court, 185 Cal. App. 4th 208, 231 (2010); Farner v. Countrywide Home Loans, 2009 WL 189025 at *2 (S.D. Cal. Jan. 26, 2009).

4. Fourth, to the extent that plaintiffs are attempting to reallege the TILA claims, those claims were previously dismissed with prejudice. Moreover, none of the defendants remaining in the case was involved in the origination of the plaintiffs' loan, and thus cannot be liable for any claim related to the loan origination. In addition, as the court pointed out in the prior order, any such claims would be time-barred.

5. Fifth, to the extent that plaintiffs are attempting to assert a claim based on the allegation that "any attempt to transfer the beneficial interest of a trust deed without ownership of the underlying note is void under California law," as plaintiffs assert in the second cause of action, see SAC ¶ 62, such a claim cannot stand because the deed of trust at issue in this case contains a power of sale in the event of plaintiffs' default under the terms of the loan, and any "holder of the note" or "real party in interest" theory is not legally sound. See, e.g., Miller v. Bank of New York, 2013 WL 663928 at *2 (N.D. Cal. Feb. 22, 2013) (under California law, possession of the original note is not required in order to foreclose).

6. Sixth, the contention that MERS does not have standing to participate in

8

nonjudicial foreclosure actions is without merit. In particular, in the present case, plaintiffs appear to be attempting to allege that MERS had no standing to assign the deed of trust, and thus that the assignment was invalid. However, the judicially noticeable documents attached to defendants' requests for judicial notice show that MERS did not have any involvement with plaintiffs' loan, and also show that MERS did not assign the deed of trust. Specifically, on June 26, 2009, JPMorgan Chase Bank, as successor in interest to Washington Mutual Bank, successor in interest to Long Beach Mortgage Company, recorded an assignment of deed of trust with the Recorder's Officer of Alameda County, California, showing that the deed of trust had been assigned to Deutsche Bank. Also on June 26, 2009, Deutsche Bank recorded a substitution of trustee, showing substitution of California Reconveyance Company as trustee.

7. Seventh, even were such claims not time-barred, plaintiffs lack standing to assert any claims relating to the origination of their loan on June 9, 2006, because the events underlying any such claims occurred prior to October 7, 2007, the date on which plaintiffs filed for bankruptcy, and plaintiffs did not list any such claims in their bankruptcy schedules. See In re Benefield, 07-47220 (Bankr. N.D. Cal. 2007).

The "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case," including the debtor's "causes of action." 11 U.S.C. § 521(1); Smith v. Arthur Andersen LLP, 421 F.3d 989, 1002 (9th Cir. 2005) (citing United States v. Whiting Pools, Inc., 462 U.S. 198, 205 n.9 (1983)). Claims that accrue prior to the filing of a bankruptcy petition become the property of the bankruptcy estate, and, where a debtor fails "properly to schedule an asset, including a cause of action, that asset continues to belong to the bankruptcy estate and [does] not revert to [the debtor]." Cusano v. Klein, 264 F.3d 936, 945 (9th Cir. 2001). In other words, if the debtor fails to schedule a cause of action on her bankruptcy petition, he/she is divested of standing to assert that cause of action. See Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004). With regard to the present action, that means that all claims that arise from the loan transaction and before any event that occurred prior to the bankruptcy

are barred.

8. Eighth, to the extent that plaintiffs are attempting to incorporate a claim of breach of the implied covenant of good faith and fair dealing into the second cause of action for fraud and conspiracy to commit fraud, that claim fails because plaintiffs have not alleged breach of an express contract. Under California law, breach of the implied covenant of good faith and fair dealing necessarily rests on the existence of some specific contractual obligation. Racine & Laramie, Ltd. v. Dep't of Parks and Recreation, 11 Cal. App. 4th 1026, 1031-32 (1992) (citing Foley v. Interactive Data Corp., 47 Cal. 3d 654, 683-84, 968-90 (1988)). The covenant cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement. Agosta v. Astor, 120 Cal. App. 4th 596, 607 (2004) (citing Guz v. Bechtel National, Inc., 24 Cal. 4th 317, 349-50 (2000).

Here, the deed of trust – which appears to contain the only express contractual provisions that could underlie a claim for breach of the implied covenant – allows initiation of foreclosure upon default, and also does not impose any requirement of loan modification. Moreover, plaintiffs have not alleged any facts showing that any defendant failed to discharge its express contractual obligations.

9. Ninth, to the extent that plaintiffs are basing the second cause of action for fraud and conspiracy to commit fraud on their alleged violations of statutory provisions, such allegations also fail to state a claim. In granting the motion to dismiss, the court instructed plaintiffs what they must plead to state a claim for fraud. Simply adding in a series of references to state and federal statutes that relate to fraud and deceit, without more, is not sufficient to remedy the deficiencies in the prior complaint or to state a claim for fraud. California Civil Code §§ 1572, 1709 and 1710 simply prohibit fraud and deceit. It is still necessary for plaintiffs to plead <u>facts</u> showing that all the elements of the fraud claim are met, and it is also necessary for plaintiffs to plead such facts with particularity.

As for the citations to the federal statutes, 15 U.S.C. § 78ff is part of the Securities Exchange Act of 1934, and is wholly unrelated to the claims in this action; 15 U.S.C.

§ 1692e is part of the FDCPA, which applies only to regulate the conduct of "debt collectors," not mortgage servicers, see, e.g., Lal v. American Home Servicing, Inc., 680 F.Supp.2d 1218, 1224 (E.D. Cal. 2010); Hepler v. Washington Mut. Bank. F.A., 2009 WL 1045470 at *4 (C.D. Cal. Apr. 17, 2009); and 18 U.S.C. § 1001 is a federal criminal statute, as to which there is no private right of action, see Haskins v. Superior Court of California, 2014 WL 584311 at *3-4 (E.D. Cal. Feb. 12, 2014).

## CONCLUSION

In accordance with the foregoing, the court GRANTS defendants' motions to dismiss. Because plaintiffs were previously given leave to amend, and failed to comply with the court's instructions regarding amendment, and because plaintiffs did not oppose the motions and advise what new facts they would be able to plead if given yet another opportunity to amend, the court finds that granting further leave to amend would be futile. The dismissal is therefore WITH PREJUDICE.

The date for the hearing on defendants' motions, previously set for September 3, 2014, is VACATED.

**IT IS SO ORDERED.**

Dated: August 14, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge